IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JUSTIN ROPP**, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**U.S. PROTECTION SERVICE LLC**,<br>– dba – **Royce U.S. Protection**,<br>– dba – **Royce Security Services**,<br>– dba – **Royce-U.S. Protection Service**,<br>– dba – **Now Security Group**,<br>– dba – **Safety Reaction Team**,<br>– dba – **SRT**,<br>– dba – **Tenable Security**,<br>– dba – **Tenable Protective Services**,<br>– dba – **Tenable Event Services**, and,<br>– dba – **Willo Security**<br><br>　　　　Defendant. | Docket No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Justin Ropp (Named Plaintiff) files this Complaint against Defendant U.S. Protection Service LLC (dba Royce U.S. Protection, Royce Security Services, Royce-U.S. Protection Service, Now Security Group, Safety Reaction Team, SRT, Tenable Security, Tenable Protective Services, Tenable Event Services, and Willo Security) (collectively, Defendant) seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. (FLSA) and Ohio Revised Code §4111.03(D). The following allegations are based on personal knowledge of Named Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2. Named Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant herein, Named Plaintiff has been a citizen of the United States. Named Plaintiff's Consent to Join Form is attached as **Exhibit A**.

8. At all times relevant herein, Named Plaintiff and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e).

9. At all times relevant herein, Defendant has been an Ohio limited liability company, conducting business in this District and Division. Its principal place of business is 4600 Euclid Avenue, Cleveland, Ohio 44103 (Cuyahoga County).

10. During times relevant herein, Defendant has had registered with the State of Ohio the following fictious trade names, with most sharing the same or related registered agents:[1] Royce U.S. Protection, Royce Security Services, Royce-U.S. Protection Service, Now Security Group, Safety Reaction Team, SRT, Tenable Security, Tenable Protective Services, Tenable Event Services, and Willo Security.

11. At all times relevant herein, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

12. At all times relevant herein, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendant has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Named Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

15. Defendant is a private security company that currently employs over 1,000 trained security guards for small and large companies in Ohio Kentucky Michigan and New York.[2]

**(Failure to Pay for Pre-Shift Work)**

16. At all times material to this Complaint, Named Plaintiff and others similarly situated worked as non-exempt hourly security guards.

---

[1] Either U.S. Protection Service LLC, 4600 Euclid Avenue, Cleveland OH 44103 or Royce Security, LLC, 3740 Euclid Avenue, Suite 102, Cleveland OH 44115.

[2] https://roycesecurityguards.net/about/ (last viewed 9/10/24).

17. Named Plaintiff and other similarly situated employees were paid on an hourly basis.

18. Named Plaintiff was employed by Defendant for eight years through March, 2024, at an hourly rate from approximately $17.00.

19. Named Plaintiff and other similarly situated employees were required to arrive before their scheduled shift for "pass on" or "pass down" or "shift change over" or "shift relief", which involves several shift-change duties, including but not limited to:

   a. Providing information concerning the events that occurred during the preceding shift;

   b. Providing information regarding any serious incidents;

   c. Providing information regarding any new post orders;

   d. To pass down the site phone, if any, to the next employee;

   e. To pass down the site radio, if any, to the next employee;

   f. Providing information, including but not limited to, the function/malfunction of any and all equipment, cameras, technology, windows and/or doors; and

   g. Provide look-out information for individuals of interest and/or suspicious individuals;

20. If the relieving security guard does not arrive sufficiently early to complete "pass on" before the shift start time, then the presently on-duty security guard would need to stay late.

21. "Pass on" is standard operating procedures for security guards.

22. "Pass on" takes at least approximately 10 to 15 minutes to complete.

23. Named Plaintiff and other similarly situated workers were not paid any amount for the pre- and/or post-shift "pass on" work and such time was not counted as hours worked for purposes of computing overtime.

24. Defendant paid Named Plaintiff and others similarly situated only from their shift start time to their shift end time.

25. Whether arriving early or staying late to complete "pass on", one or both security guards engaged in compensable work but were not paid for the time.

26. Named Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27. There was no practical administrative difficulty of recording this unpaid work of Named Plaintiff and other similarly situated employees. It could have been precisely accounted for payroll purposes simply by recording this pre- and/or post-shift "pass on" time as hours worked and paying them for such time.

28. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

29. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees. They could not effectively work their shifts without first receiving "pass on" from the preceding guard.

30. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

31. As a result of Named Plaintiff and other similarly situated employees not being paid for all hours worked, they were not paid overtime compensation for all of the hours they worked over 40 each workweek.

32. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The collective ("FLSA Collective") which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as:

> **All current and former hourly security employees employed by Defendant who at any time from three years preceding this Complaint to its final resolution worked 40 hours or more in a workweek and relieved a preceding shift and/or was relieved by a subsequent shift.**

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as his own in bringing this action.

36. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. The FLSA Collective members may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of

6

collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

37. Named Plaintiff further brings Count Two this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All current and former hourly security employees employed by Defendant in Ohio who at any time from two years preceding this Complaint to its final resolution worked 40 hours or more in a workweek and relieved a preceding shift and/or was relieved by a subsequent shift.**

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Named Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 40 or more employees.

39. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for pre- and/or post-shift "pass on" work and whether that resulted in the underpayment of overtime.

40. Named Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

43. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees for all overtime worked violated the FLSA.

45. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees all overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

47. As a result of Defendant's practices and policies, Named Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and since wages remain unpaid harm damages continue.

## COUNT TWO
### (Ohio Overtime - Class Violations)

48. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees for all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

50. Named Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

51. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

52. As a result of Defendant's practices, Named Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Directing Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Enter judgment against Defendant and in favor of Named Plaintiff, the opt-ins who join this case pursuant to 29 U.S.C. § 216(b) and the Ohio Class members;

C. Award Named Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and/or Ohio law;

D. Award Named Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Named Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and,

F. Award Named Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Named Plaintiff*
