**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN ROPP, on behalf of himself and others similarly situated, | CASE NO. 1:24-cv-1546-DAP |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| U.S. PROTECTION SERVICE LLC, | |
| Defendant. | **DEFENDANT'S 12(c) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (TO DISMISS RULE 23 CLASS CLAIM UNDER OHIO'S OVERTIME STATUTE)** |

Defendant U.S. Protection Service, LLC ("USPS") moves for partial judgment on the pleadings. Specifically, USPS moves for judgment on Ropp's request for a Rule 23 Ohio overtime class because such a class is barred by law.

## I. THE FRCP 12(c) STANDARD

The FRCP 12(c) standard is well-established. It is the same as the Rule 12(b)(6) standard. *Streater v. Cox,* 336 Fed.Appx. 470, 474-75 (6th Cir. 2009)(**Judge Polster**). Applying that standard (*Id.*):

- The non-moving party's well-pleaded factual allegations are accepted as true;
- Legal conclusions are NOT accepted as true; and
- Dismissal is appropriate if the moving party is entitled to judgment as a matter of law.

## II. ROPP'S FACTUAL ALLEGATIONS.

This is an overtime case, alleging failure to pay for all overtime hours by not counting pass down (shift change) time as hours worked. Dkt. #1, PageID #: 1. Ropp asserts his Ohio overtime claim as a Rule 23 class action. *Id.* ("Ohio Revised Code §4111.03(D)"), PageID #: 7, ¶37

("Named Plaintiff further brings Count Two [of] this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and" the "Ohio Class"); PageID #: 9, ¶51 ("Ohio Overtime – Class Violations".)

### III. LAW AND ARGUMENT

#### A. CLASS CLAIMS ARE BARRED BY OHIO'S OVERTIME STATUTE.

On July 6, 2022, the Ohio General Assembly amended the Ohio's overtime statute. It added a consent requirement (akin to the FLSA opt-in requirement) and prohibited overtime class actions:

> Any employer who pays an employee less than wages to which the employee is entitled under section 4111.03, is liable to the employee…Any agreement between the employee and the employer to work for less than the overtime wage rate is no defense…
>
> \* \* \*
>
> **No employee shall join as a party plaintiff in any civil action that is brought under this section** by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees **unless that employee first gives written consent to become such a party plaintiff** and that consent is filed with the court in which the action is brought.

O.R.C. § 4111.10(A), (C)[emphasis added].

Akin to the FLSA, Ohio expressly-requires overtime plaintiffs to affirmatively "opt-in" to any lawsuit. Ropp's Ohio class action directly violates the very statute on which it is based.

#### B. EVERY OHIO FEDERAL COURT ADDRESSING THE ISSUE REJECTED OHIO OVERTIME CLASS ACTIONS AS BARRED BY OHIO STATUTE.

True to the General Assembly's amendment, every Ohio federal court addressing the issue rejected Ohio overtime class actions. Every one of those Ohio federal courts held a Rule 23 Ohio overtime class is barred by Ohio statute. For example, in *Hine v. OhioHealth Corp.*, 2023 WL 5599666 (S.D. Ohio June 30)(Judge Watson) at \*\*6, Hine brought a class action under Ohio's overtime statute. *Id.* at \*\*1. OhioHealth moved to dismiss because class actions violated R.C. §4111.10(C). *Id.* Judge Watson agreed, holding R.C. §4111.10(C) "defines the scope of the

2

remedies available for the substantive rights" afforded under Ohio's overtime statute, and it bars a Rule 23 class action. *Id.* at \*\*6-9.

More recently, in *Garner v. The Cleveland Clinic Foundation,* 735 F. Supp.3d 867, 878 (N.D. Ohio 2024), Judge Boyko reached the same conclusion:

> The Ohio General Assembly, when it added the opt-in language to the OMFWSA, stated its intent to "prohibit opt-out class actions for overtime violations." OH LEGIS 88 (2022), 2022 Ohio Laws File 88 (Sub. S.B. 47). Given Ohio's intent to mirror the FLSA, the Court holds that to allow a federal class action for violations of the OMFWSA would, in the words of Judge Stevens in *Shady Grove,* "stray from the course it would follow in the state court," which supports a finding that the opt-in requirement is substantive.

There are other examples. They all conclude R.C. §4111.10(C) bars Ohio overtime class actions in federal court. *Collins v. Greater Cinc. Beh. Health Serv.,* 2024 WL 149292 (S.D. Ohio Jan. 12)(Judge McFarland) \*5 ("a Federal Rule 23 class cannot proceed on Plaintiff's OMFWSA" overtime claim); *Oglesby v. FedEx Ground Pack. System, Inc.,* 2023 WL 2596030 (S.D. Ohio March 22)(Judge Rice) \*\*3-4 (striking the Ohio overtime class and requiring any Ohio overtime plaintiff "to file a written consent with the Court and become a party plaintiff pursuant to §4111.10(C)").

B. THOSE OHIO FEDERAL COURTS ARE CORRECT BECAUSE OHIO'S OPT-IN REQUIREMENT IS PART AND PARCEL OF ITS OVERTIME STATUTE.

Of course, it's not a popularity contest. It's about the correct interpretation of the law. Those federal courts are correct because Ohio's opt-in requirement is part and parcel of its overtime statute. That is the correct result under relevant Supreme Court and 6th Circuit precedent.

In *Shady Grove,* 559 U.S. 393, 417, 418 (2010), *quoting* 28 U.S.C.A. § 2072(b), the Supreme Court held Congress limited the Court's power to prescribe procedural rules: Congress "provided in the Enabling Act that although '[t]he Supreme Court' may 'prescribe general rules of practice and procedure,' § 2072(a), those rules 'shall not abridge, enlarge or modify any

3

substantive right,' § 2072(b).") Thus, "federal rules cannot displace a State's definition of its own rights or remedies." *Id.,* at 418.

Furthermore, "some state procedural rules" "function as part of the State's definition of substantive rights and remedies." *Shady Grove,* 559 U.S. at 416-17. The distinction is not a mere question of procedural vs. substantive (*Id.* at 419): "That balance does not necessarily turn on whether the state law at issue takes the form of what is traditionally described as substantive or procedural. Rather, it turns on whether the state law actually is part of a State's framework of substantive rights or remedies." In other words, federal procedure cannot abridge remedies that are part and parcel of a specific (versus a general) state statute. *Cf. Id.* at 420 ("when a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice") to *Id.* at 393 (Syllabus) (the New York statute at issue was a civil practice statute applicable to all civil claims, which barred class actions to recover penalties – such as statutory interest.) Nothing could be more part of Ohio's definition of substantive overtime rights and remedies than the overtime statute itself.

While the 6th Circuit has not ruled on Ohio's overtime law, it suggested (without holding) that Kentucky's overtime statute barring class actions prohibited an FRCP 23 overtime class. *Whitlock v. FSL Management, LLC,* 843 F.3d 1084, 1092 (6th Cir. 2016):

> Had the plaintiffs-appellees sought to litigate this case on the merits rather than settle, the appellants might have a strong case. They argue that permitting certification of a class-action suit pursuant to Rule 23 directly conflicts with the statutory prohibition against class-action litigation in KRS § 337.385(2). Further, they argue that because this prohibition "is procedural in the ordinary use of the term but ... so intertwined with a state right or remedy that it functions to define the scope of the state-created right," *Shady Grove*, 559 U.S. at 422, 130 S.Ct. 1431, permitting class certification under Rule 23 would "modify [that] substantive right" in violation of the Rules Enabling Act. 28 U.S.C. § 2072(b).
>
> * * *
>
> Here, the prohibition on class-action litigation only applies to claims brought under the Kentucky Wage and Hour Act, and it appears within the same statutory provision that

4

creates the private cause of action. KRS § 337.385(2). Thus, as three district courts have concluded, we assume without deciding that the Kentucky statute's purported prohibition against class-action litigation is substantive for the purposes of the Rules Enabling Act. See Williams, 199 F.Supp.3d at 1184-86, 2016 WL 4184026, at **6–7, 2016 U.S. Dist. LEXIS 104001, at *19–22 (holding that KRS § 337.385(2) prevents class certification under Rule 23 in federal court because of the Rules Enabling Act); Green, 2015 U.S. Dist. LEXIS 171647, at *17–23 (same); Davenport, 35 F.Supp.3d at 1049–51 (same).

The Court should follow the *Davenport, Green* and *Williams* decisions endorsed by the 6th Circuit. *Whitlock, supra.* In *Davenport v. Charter Comms., LLC,* 35 F.Supp.3d 1040, 1049-51 (E.D. Mo. 2014), the court dismissed plaintiffs' Kentucky overtime class action claims on the pleadings. *Davenport,* 35 F.Supp.3d at 1045. It dismissed them on the pleadings because Kentucky's prohibition against overtime class actions was "limited to [those] certain claims", thus so "intertwined with the statute's rights and remedies" that it "define[s] the scope of Plaintiffs' substantive rights under the Kentucky Act", and applying FRCP 23 would "'abridge, enlarge or modify' a substantive right in violation of the Rules Enabling Act."

*Also see Green v. Platinum Rest. Mid-America,* 2015 WL 13548457 (W.D. Ky. Feb. 24) *6, *citing Davenport, supra* ("the Court must determine whether Federal Rule of Civil Procedure 23 allows Plaintiffs to circumvent state law and proceed as a class. Another district court faced with this precise issue found that Plaintiffs could not. *See Davenport....*This Court ultimately agrees with the analysis in *Davenport*"); and *Williams v. King Bee Delivery,* 199 F.Supp.3d 1175, 1185-86 (E.D. Ky. 2016), *quoting Shady Grove* ("allowing Fed. R. Civ. P. 23 to override KRS 337.385['s] clear exclusion of representative actions would 'abridge, enlarge or modify' a substantive state right in violation of the Rules Enabling Act. Defendants' motion to dismiss Plaintiffs' KRS §337.385 representative claims will be granted.")

Finally, even if Your Honor disagreed with *Whitlock, Davenport, Green, Williams, Hines, Garner, Collins* and *Oglesby*, it would still be inappropriate for Ropp's Ohio class action to proceed. The proper resolution would be a remand to state court. Dkt. #1, PageID #: 2 (jurisdiction

5

over Ropp's Ohio law claims are based on §1367 supplemental jurisdiction); 28 U.S.C. §1367(c) (authorizing a decline of supplemental jurisdiction if (1) the claim raises novel or complex state law issues or (2) the state claim substantially predominates over federal claims); *Gibson v. Rose,* 2012 WL 2995484 (N.D. Ohio July 23)(**Judge Polster**) *2 (the district court "in its discretion, may remand all matters in which state law predominates".)

This case presents a state overtime claim that predominates. 8 months into the case, there are 5 FLSA opt-ins including Ropp. Another 5 opt-ins settled via offers of judgment. Dkt #22, PageID 120. In contrast, there are over 1000 class members (per Ropp, "the total class consists of 1,392 individuals"). 10 vs. 1,300 is the "tail wagging the dog." *Cf. Hasken v. City of Louisville,* 213 FRD 280, 282-83 (W.D. Ky. 2003)(declining supplemental jurisdiction over Kentucky class claims, despite the FLSA collective, because it would "be akin to the minnow swallowing the whale")[1]; *Guerrero v. Brickman Group,* 2007 WL 2381943 (W.D. Mich. Aug. 17) *3 (declining supplemental jurisdiction over state law claims because they "were so much more numerous than the FLSA claims" – roughly 90:1.) The Court should not endorse forum-playing games. It should not allow Ropp to bring a class claim expressly-barred by Ohio law that would be barred in any Ohio state court. If it won't dismiss the class action claim, it should remand.

## III. CONCLUSION

For the foregoing reasons, USPS asks the Court to grant it judgment on the pleadings and dismiss Ropp's Ohio overtime class action. Alternatively (and minimally), it should decline supplemental jurisdiction.

---

[1] Decided before the Kentucky Court of Appeals held Kentucky bars class action overtime claims. *Green* at 5 (in *Toyota Motor Mfg., Ky., Inc. v. Kelley,* 2012 WL 6046079 (Ky. App. Nov. 15), the Kentucky Court of Appeals held Kentucky's overtime statute "provides a clear expression of intent that class actions are not permitted.")

Respectfully submitted,

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)
Christopher J. Carney (0037597)
Demari W. Muff (0100213)
**ROETZEL & ANDRESS, LPA**
1375 E. 9th Street, 10th Floor
Cleveland, OH 44114
Telephone: (312) 741-0786
Facsimile: (216) 623-0134
Email: bfreeman@ralaw.com
ccarney@ralaw.com
dmuff@ralaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, a true and correct copy of the foregoing was served on all parties via the Court's electronic filing system.

*/s/ Barry Y. Freeman*
Barry Y. Freeman

23255889